## WEEKLY REPORT OF
## SUPREME COURT PROCEEDINGS
### Tuesday, March 18, 1924

### NEW CASES DECIDED

### SUPREME COURT OF OHIO

### INDEX TO CASES

**Cases Decided—General Docket**

Doud v. Cincinnati............................. 18340
Fidel. and Cas. Co. v. Hartzell Bros...... 17984
Kiriakis v. Fountas....................... 18102
Piascik v. Indus. Com..................... 18058
Rickey v. Baughman........................ 18321

**Motions Overruled or Dismissed**

Altmeier Realty Co. v. Stand. Oil Co..... 18342
Beardsley v. Scott........................ 18272
Cinti. Trac. Co. v. Masters............... 18343
Barzykowski v. Luft....................... 18345
Davis v. Wyatt............................ 18357
Clancy v. Goebel.......................... 18362
Fidel. and Casualty Co. v. Carpet Co...... 18373
Grime v. Grime............................ 18346
Krehbeil v. Krehbeil...................... 18349
Keim v. Martin Bros. Co................... 18351
State v. Boulay........................... 18347
Toledo v. Nat. Found. Co.................. 18369

**Motions Sustained or Allowed**

Cent. Ohio Gas Co. v. P. U. C............. 18323
Glasgo v. Paxton.......................... 18352
Hahn, Ex., v. Wood Co. (Com.)............. 18150

## SUPREME COURT OF OHIO
### Tuesday, March 18, 1924
### GENERAL DOCKET

17984—The Fidelity and Casualty Co. v. The Hartzell Bros. Co.; error to the Court of Appeals of Mahoning county. Judgment reversed. Marshall. C. J., Robinson Jones, Matthias. Day and Allen, JJ., concur. Wanamaker, J., not participating.

For syllabus, see next columns.

For syllabus, see page 212.

For syllabus, see next columns.

18321—George Rickey v. L. H. Baughman, Admr.; error to the Court of Appeals of Athens county. Petition in error dismissed, no debatable constitutional question being invoked. Marshall, C. J., Robinson, Jones, Matthias and Allen, JJ., concur.

Filed Jan. 21, 1924, 2 Abs. 83. For Pending Case, see 2 Abs. 136.

18340—William J. Doud et al v. City of Cincinnati, Ohio et al; error to the Court of Appeals of Hamilton county. Petition in error dismissed, no debatable constitutional question being involved. Marshall, C. J., Robinson. Jones Matthias, Day and Allen, JJ., concur.

Filed Jan. 26. 1924. 2 Abs. 98. For Pending Case, see 2 Abs. 153.

### MOTION DOCKET

18150—Edith Hahn, Admrx., v. Board of County Commissioners of Wood county. Motion by plaintiff to dispense with printing exhibits. Allowed.

18272—C. A. Beardsley v. Margaret P. Scott, Admrx. Motion for an order directing the Court of Appeals of Trumbull county to certify its record. Overruled.

Filed Dec. 22, 1923, 2 Abs. 3; Pend. Case, 2 Abs. 117.

18323—The Central Ohio Gas Co. v. Public Utilities Commission. Motion by H. C. Ashcraft, Prosecuting Attorney, to make county of Licking party defendant. Allowed.

Filed Jan. 21, 1924, 2 Abs. 83; Pend. Cose, 2 Abs. 199.

18342—The Altmeier Realty & Investment Co. v. The Standard Oil Co. Motion for an order directing the Court of Appeals of Hancock county to certify its record. Overruled.

Filed Jan. 28, 1924, 2 Abs. 98.

18343—The Cincinnati Traction Co. v. Thomas C. Masters. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Overruled.

Filed Jan. 29, 1924, 2 Abs. 98.

18345—Benno Barzykowski v. Max Luft. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled.

Filed Jan. 29, 1924, 2 Abs. 98. App. Op. 2 Abs. 12.

18346—Frank H. Grime et al v. Jane Grime et al. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled.

Filed Jan. 29, 1924, 2 Abs. 98.

18347—The State ex rel Chas. M. Foster et al v. L. A. Boulay, Director, et al. Motion for an order directing the Court of Appeals of Franklin county to certify its record. Overruled.

Filed Jan. 30, 1924, 2 Abs. 115.

18349—Ada M. Krehbiel v. Franklin G. Krehbiel. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Overruled.

Filed Jan. 30, 1924, 2 Abs. 115.

18351—John J. Keim v. The Martin Bros. Co. Motion for an order directing the Court of Appeals of Lucas county to certify its record. Overruled.

Filed Jan. 31, 1924. 2 Abs. 115.

18352—C. C. Glasgo et al v. Hugh Paxton, County Treasurer. Motion for an order directing the Court of Appeals of Ashland county to certify its record. Sustained.

Filed Jan. 31, 1924, 2 Abs. 115.

18357—In the Matter of the Removal of Michael Davis as Chief of Police; Michael Davis v. John R. Wyatt. Motion for an order directing the Court of Appeals of Belmont county to certify its record. Overruled.

Filed Feb. 4, 2924, 2 Abs. 115.

18362—Daniel Clancy et al v. Wm. A. Goebel. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Overruled.

Filed Feb. 5, 1924, 2 Abs. 131. Pending Case, 2 Abs. 200.

18369—City of Toledo v. The National Foundation & Engineering Co. Motion for an order directing the Court of Appeals of Lucas county to certify its record. Overruled.

Filed Feb. 6, 1924, 2 Abs. 131.

18373—The Fidelity & Casualty Co. v. The Warren-Allen Carpet Co. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled.

Filed Feb. 7, 1924, 2 Abs. 131.

## SYLLABI OF CASES
## DECIDED LAST WEEK

Opinions in these cases will appear in the Abstract at the earliest day following their receipt.

### No. 216

No. 18102—A. A. Kiriakis v. John Fountas. Error to the Court of Appeals of Tuscarawas county.

1195. TRIALS—Right to have a trial de novo in chancery cases.

### No. 217

No. 17984—The Fidelity & Casualty Co., etc., v. The Hartzell Bros. Co. Error to the Court of Appeals of Mahoning county.

533. FIRE INSURANCE. No coverage on silks or silk articles, includes silk shirts.

JONES, J.

For the purpose of limiting liability, a

## OHIO SUPREME COURT—Continued

policy of insurance contained a provision that its issuer should not be liable for any loss whatever on silks or articles made entirely or principally of that material. Held:

That such provision is plain and unambiguous and that a loss of silk shirts was not covered under the policy; nor was parol evidence admissible to contradict such provision or to prove that the parties so interpreted it as to give coverage for silk shirts.

Judgment reversed.

Marshall, C. J., Robinson, Matthias, Day and Allen, JJ., concur. Wanamaker, J., not participating.